UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| REDPOINT COUNTY MUTUAL INSURANCE COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADMIRAL INSURANCE COMPANY, a Delaware corporation, and GO MAPS, INC., a Delaware corporation,<br><br>Defendants. | Civil Action No. 1:24-cv-00084<br><br>**COMPLAINT** |

.

Plaintiff, Redpoint County Mutual Insurance Company ("Redpoint," or "Plaintiff"), by and through its undersigned counsel, brings this declaratory judgment complaint (the "Complaint") against Admiral Insurance Company ("Admiral") and Go Maps, Inc. ("Go Maps," and, collectively with Admiral, the "Defendants") and alleges as follows:

### INTRODUCTION

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a final order and judicial determination that Admiral is obligated to defend and indemnify Go Maps in the Arbitration (as defined below), pursuant to the Insurance Agents and Brokers Professional Liability Insurance Policy No. EO000034815-06, issued by Admiral to Go Maps, effective September 25, 2021 to September 25, 2022 (the "Insurance Policy").[1] The sole reason that Go Maps is named as a defendant in this matter is to bind it to any adjudication of Admiral's rights and duties in connection with the Insurance Policy. A true and correct copy of the MGA Agreement is attached hereto as Exhibit A.

---

[1] On September 27, 2022, the Insurance Policy was extended to October 25, 2022, and, on October 19, 2022, was further extended to November 20, 2022.

**PARTIES**

2.      Redpoint is a Texas county mutual insurance company domiciled and licensed to write all lines of automobile insurance in the State of Texas with a principal place of business in Austin, Texas.

3.      Admiral is a corporation organized under the laws of the State of Delaware with its principal place of business in Scottsdale, Arizona. Upon information and belief, Admiral was and is authorized and permitted to transact, and was and is transacting, the business of insurance in Texas since 1986 through licensed surplus lines brokers as an approved surplus lines insurance company.

4.      Go Maps is a corporation organized under the laws of the State of Delaware and licensed in the State of Texas as a managing general agent, with its principal place of business in Los Angeles County, California.

**JURISDICTION AND VENUE**

5.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1332 because (i) it is a civil action arising under the Declaratory Judgment Act and (ii) the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Admiral is an eligible surplus lines insurer in the state of Texas, registered with the Texas Department of Insurance ("TDI"), underwriting more than $95M in insurance in Texas in 2022.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because substantially all of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

**BACKGROUND**

9. Redpoint is a Texas county mutual insurance company that operates through managing general agents ("MGAs") who are licensed in that capacity by the State of Texas through the TDI.

10. Redpoint appoints and contracts with the MGAs, as authorized by Chapter 4053 of the Texas Insurance Code, and the MGAs, among other things, (i) produce insurance business for Redpoint, (ii) underwrite and issue insurance policies on behalf of Redpoint, (iii) administer Redpoint's policies, (iv) collect and maintain premiums as a fiduciary for Redpoint, (v) administer claims on their issued Redpoint policies, and (vi) act, as authorized under Texas law, on behalf of Redpoint.

11. Go Maps was licensed by the TDI as a MGA, under managing general agency license number 2334580.

12. On May 1, 2018, Redpoint and Go Maps entered into a Managing General Agency Agreement (the "MGA Agreement"). A true and correct copy of the MGA Agreement is attached hereto as Exhibit B.

13. Pursuant to the MGA Agreement, Redpoint appointed Go Maps as its MGA, to produce and service Redpoint's private passenger automobile policies and to handle claims on those policies for Redpoint in Texas.

14. Section 3.17 of the MGA Agreement requires Go Maps to maintain errors and omissions insurance with an insurer acceptable to Redpoint, covering its operations, including the

obligations under the MGA, in an amount of not less than $1,000,000 per claim and annual aggregate with a deductible no greater than $5,000 per claim.

15. Additionally, the MGA Agreement requires (i) performance of all obligations in Texas, (ii) resolution of all disputes in connection with the MGA Agreement to be submitted to arbitration in Texas, and (iii) interpretation of the MGA Agreement under Texas law.

16. Admiral issued to Go Maps the Insurance Policy, effective September 25, 2021 to September 25, 2022 (the "Policy Period") bearing policy number EO000034815-06 ("Insurance Policy"). The Policy Period was subsequently extended to November 20, 2022.

17. The insuring agreement in the Insurance Policy provides:

A. PROFESIONAL LIABILITY

We will pay on behalf of the Insured those amounts which the Insured is legally obligated to pay as Damages caused by a Professional Incident taking place within the Policy Territory and subsequent to the retroactive date and prior to the expiration or termination date of this Policy, for which a Claim is first made against the Insured during the Policy Period and reported to us in writing during the Policy Period or any applicable extended reporting period, as described in Section VI EXTENDED REPORTING PERIOD; provided that prior to the inception date of this policy, no Insured knew, nor could have reasonably foreseen, that the Professional Incident might result in a Claim.

18. "Damages" in the Insurance Policy, means a monetary and compensatory judgment, award, or settlement.

19. "Professional Incident" is defined in the Insurance Policy as:

(1) Personal Injury committed by the Insured in the rendering of or failure to render Professional Services by the Insured or a person acting under the Insured's direction, control or supervision and for whose acts, errors or omissions the Insured is legally liable; or

(2) a negligent act, error or omission in the rendering of or failure to render Professional Services by the Insured or a person acting under the Insured's direction, control or supervision and for whose acts, errors or omissions the Insured in legally liable.

20. "Professional Services" is defined in the Insurance Policy as services performed by an Insured for others for a fee, commission, or other consideration involving specialized training, knowledge, and skill while in the pursuit of the business stated in the Declarations.

21. "Claim" is defined in the Insurance Policy as (i) a written demand received for money, services, non-monetary relief, or injunctive relief by any Insured resulting from a Professional Incident; or (ii) Service of Suit or arbitration proceedings against an Insured resulting from a Professional Incident.

22. The Insurance Policy provides that Admiral has the duty to defend any claim brought against Go Maps seeking damages caused by a Professional Incident to which the Insurance Policy applies, and that such duty to defends ends when the applicable limits of liability in the payment of damages and/or claim expenses have been exhausted.

23. The Limits of Liability in the Insurance Policy are $3,000,000 per claim and $3,000,000 in the aggregate.

      A.      **Redpoint's Notice to Admiral of its Claims Against Go Maps.**

24. On September 27, 2022, pursuant to a certified letter, Redpoint provided notice to Admiral of Redpoint's claims against Go Maps, in connection with Go Maps' negligence in performing professional services to Redpoint, which resulted in approximately $2,150,000.00 in damages to Redpoint plus additional costs and exposure (the "Redpoint Claim"). A true and correct copy of the Redpoint Claim is attached hereto as Exhibit C.

25. The Redpoint Claim sought payment from Go Maps and Admiral as its insurer of $2,150,648.10 plus costs Redpoint incurred in response to the TDI investigation and any administrative costs that may result therefrom.

26. Subsequent to the Redpoint Claim, Redpoint provided Admiral with a copy of the MGA Agreement, as well as various correspondence between Redpoint and Go Maps wherein, *inter alia*, Redpoint informed Go Maps that, because of Go Maps' professional negligence, Redpoint had incurred damages, which were continuing.

27. On October 19, 2022, counsel for Admiral responded requesting information and purporting to reserve rights and committing to "advise of its position."

28. On June 15, 2023 and June 25, 2023 (the "Stowers Demands"), Plaintiff made a settlement demand on Admiral, offering full and unconditional release of all covered claims and potential covered claims that Plaintiff has against Go Maps upon payment by Admiral of the policy limits of $3 million.

29. The Stowers Demands, issued nine (9) months after Plaintiff had provided Admiral with initial notice of wrongdoing by Go Maps, provided relatively granular details of negligence by Go Maps in professional services provided or that should have provided to Redpoint and the significant damages that were the proximate result thereof. The Stowers Demands provided Admiral with 42 days within which to accept Redpoint's offer. The Stowers Demands, by their terms, automatically expired at 5:00 p.m. Central Time on August 7, 2023.

30. Admiral did not even bother responding to the Stowers Demands until after they had already expired.

31. On August 11, 2023, Admiral, through counsel, issued a letter summarily rejecting Plaintiff's (then expired) settlement demand. The letter claimed that the Stowers Demands were premature but did not request any extension of time within which to respond. That letter did not purport to reserve any of Admiral's rights or remedies.

32. By August 7, 2023, Admiral had almost one year to investigate coverage in favor of and liability of Go Maps. The Stowers Demands provided chapter and verse that the claims that Redpoint was and is making against Go Maps were within the scope of the Admiral Insurance Policy, were within the policy limits of liability, and offered a full and unconditional release. As such, an ordinary, prudent insurer would have accepted the Stowers Demands, considering the likelihood and degree of the potential exposure of the Insureds under the Insurance Policy to an excess judgment.

33. Admiral did not act in good faith by reason of its failure to timely accept the Stowers Demands and its failure to timely accept Redpoint's Stowers Demands was negligent.

B. **Redpoint's Notice of Arbitration Against Go Maps.**

34. On March 31, 2023, in accordance with Article 15 of the MGA Agreement, Redpoint sent a Notice of Arbitration to Go Maps in connection with professional negligence related to Go Maps' services provided to Redpoint under the MGA Agreement and other agreements (the "Notice of Arbitration"). A true and correct copy of the Notice of Arbitration is attached hereto as Exhibit D.

35. Pursuant to the MGA Agreement, the arbitration is governed by Texas law, and the arbitration will be held in Texas.

36. Admiral claims that by way of a letter it sent to Go Maps, it agreed to provide a defense to Go Maps for the Redpoint Arbitration.

C. **The California Action.**

37. On September 7, 2023, Admiral commenced an action in the Superior Court of the State of California for the County of Los Angeles, Case No. 23STCV21547 (AM), styled *Admiral*

*Insurance Company v. Go Maps, Inc., et al.* (the "California Action"), against, among others, Go Maps and Redpoint.

38. In the California Action, Admiral seeks declaratory relief against Redpoint and alleges that (i) there is "no actual coverage" for the Arbitration under the terms of the Insurance Policy, and (ii) it has no obligation to defend or indemnify Go Maps against the claims asserted in the Arbitration. Admiral admits in paragraph 38 of the California Action that by way of a letter dated June 29, 2023 sent to Go Maps, it agreed to provide a defense to Go Maps for the Redpoint Arbitration.

39. Because the state court in the California Action does not have jurisdiction over Redpoint, on December 1, 2023, Redpoint filed a Motion to Quash Service of Summons and Complaint for Lack of Jurisdiction.

## FIRST CAUSE OF ACTION

*Redpoint Against Admiral for Declaratory Judgment for insurance coverage*

40. Redpoint incorporates each of the foregoing allegations as if fully set forth herein.

41. Under 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare rights, status, and other legal relations between the parties, whether or not further relief is or could be sought.

42. Based on the competing adverse claims by and between Redpoint and Admiral regarding the applicability of the Insurance Policy to the Arbitration, Redpoint is entitled to judgment from this Court declaring the rights, status, and legal relations of the parties with respect to the applicability of the Insurance Policy.

43. An actual controversy exists between Redpoint and Admiral pursuant to 28 U.S.C. §§ 2201 and 2202. Although Redpoint is not the named insured under the Insurance Policy, it will

have a legal right to enforce Admiral's indemnification obligations to Go Maps under the Insurance Policy, if Redpoint obtains a judgment against Go Maps or other Admiral Insureds in the Arbitration.

44. Redpoint, through the Redpoint Claim, on September 27, 2022, informed Admiral of Redpoint's damages, caused by Go Maps' actions.

45. Go Maps' actions constitute a Professional Incident under the Insurance Policy.

46. Both the Redpoint Claim and the Notice of Arbitration constitute a "Claim" under the Insurance Policy.

47. The Insurance Policy was in effect at the time of Go Maps' professionally negligent actions, and at the time Redpoint first made a claim against an Insured under the Insurance Policy.

48. If Redpoint successfully arbitrates its claims in the Arbitration and is awarded a judgment against Go Maps, such judgment will comprise "Damages" under the Insurance Policy.

49. Upon such judgment and "Damages," Redpoint's principal means of recovery will be from Admiral, as a result of Admiral's indemnification obligations under the Insurance Policy.

50. In the California Action, Admiral seeks declaratory relief that it has no duty to defend or indemnify Go Maps *vis-à-vis* the Arbitration.

51. Because the court in the California Action has no jurisdiction over Redpoint, Redpoint's recourse with respect to the Insurance Policy is declaratory relief in this Court.

52. In accordance with the Declaratory Judgment Act, Redpoint seeks a declaration that will confirm that Admiral is bound to the terms of the Insurance Policy and must defend and indemnify Go Maps and all other Insureds under the Insurance Policy accordingly.

## SECOND CAUSE OF ACTION

*Redpoint Against Admiral for Declaratory Judgment for liability in excess of the limits of liability of the Insurance Policy*

53. Redpoint incorporates each of the foregoing allegations as if fully set forth herein.

54. By reason of the failure of Admiral to accept the Stowers Demands before they expired and Admiral's rejection of the Stowers Demands on August 11, 2023, Admiral acted in a negligent manner, thereby breaching its common law duty to act fairly and in good faith in settling a liability claim.

55. Redpoint seeks a declaration that in the event there is a indemnifiable event, such as a final judgment, against Go Maps or any Insured under the Insurance Policy, Admiral must remit payment in full for such event, including those sums in excess of the limit of liability of the Insurance Policy.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a final judgment against the Defendants, and in favor of Plaintiff, as follows:

A. On the First Cause of Action, a final judgment and judicial declaration that the Insurance Policy is valid and enforceable with respect to the Arbitration, and that Admiral is obligated to defend and indemnify Go Maps and all other Insureds under the Insurance Policy against the claims asserted in the Arbitration, and Go Maps and all other Insureds under the Insurance Policy are bound to such judicial declaration;

B. On the Second Cause of Action, a final judgment and judicial declaration that Admiral is obligated to pay all such indemnifiable claims without regard to the limit of liability of the Insurance Policy.

C. Such other and further relief as the Court deems just and proper.

Dated: January 24, 2024

          JACKSON WALKER LLP

          By: */s/ Jennifer S. Freel*
              Jennifer S. Freel
              100 Congress Ave. Suite 1100
              Austin, Texas 78701
              Telephone: (512) 236-2330
              Facsimile: (512) 236-2000
              Email: jfreel@jw.com

          ARENTFOX SCHIFF LLP

          By: */s/ Elliott Kroll*
              Elliott M. Kroll *(Pro Hac Vice Motion Forthcoming)*
              Allison H. Weiss *(Pro Hac Vice Motion Forthcoming)*
              1301 Avenue of the Americas, Fl. 42
              New York, New York 10019
              Telephone: (212) 484-3900
              Facsimile: (212) 484-3990
              Email: elliott.kroll@afslaw.com
                     allison.weiss@afslaw.com

          *Attorneys for Plaintiff Redpoint County Mutual Insurance Company*