IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REDPOINT COUNTY MUTUAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-84-DII |
| ADMIRAL INSURANCE COMPANY and GO MAPS, INC., | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Defendant Admiral Insurance Company's ("Admiral") Motion To Abstain And, Subject Thereto [sic] And Without Waiver Thereof, Original Answer To Plaintiff's Original Complaint. (Dkt. 10). Plaintiff Redpoint County Municipal Insurance Company ("Redpoint") filed a response in opposition, (Dkt. 14), and Admiral filed a reply, (Dkt. 16). After considering the parties' arguments and the relevant law, the Court denies the motion without prejudice.

**I. BACKGROUND**

This action arises out of a dispute regarding an errors and omissions insurance policy (the "Policy") issued by Admiral to Defendant Go Maps, Inc. ("Go Maps"), in which Admiral provided insurance to Go Maps for the insurance contract obligations Go Maps had with Redpoint. (Compl., Dkt. 1, at 1–5). The Policy ran from September 25, 2021 to November 20, 2022. (*Id.* at 4). Redpoint alleges that Go Maps was negligent in providing this underlying insurance coverage to the tune of $2,150,000.00. (*Id.* at 5). Redpoint provided notice to Admiral of its claims against Go Maps in 2022 and 2023. (*Id.* at 4–5). On March 31, 2023, Redpoint sent a notice of arbitration (the "Arbitration") to Go Maps. (*Id.* at 7).

1

On September 7, 2023, Admiral filed suit against Redpoint, Go Maps, and others in state court in California, seeking a declaratory judgment that: (1) the Policy does not cover arbitration; and (2) Admiral has no duty to defend or indemnify Go Maps against the claims asserted in the Arbitration. *See Admiral Insurance Company v. Go Maps, Inc., et al.*, Case No. 23STCV21547 (Cal. Super. Ct., Cty. of Los Angeles, filed Sept. 7, 2023) (the "California Case" or the "California Court"); *see also* (Compl., Dkt. 1, at 7–8). On January 24, 2024, the California Court granted Redpoint's motion to quash service and dismissed Redpoint from the case for lack of jurisdiction. (Mot., Dkt. 10, at 3). On February 13, 2024, Admiral filed an amended complaint in the California Case, adding new allegations to bolster its view that Redpoint is subject to personal jurisdiction in California. (*Id.*). On March 21, 2024, Redpoint moved to quash service of the first amended complaint in the California Case. (Ex. A to Dkt. 16, at 9–10). A hearing is set for July 8, 2024. (*Id.*).

On January 24, 2024, Redpoint filed this action for a declaratory judgment. (Compl., Dkt. 1). Redpoint seeks a declaratory judgment that: (1) Admiral has a duty to defend or indemnify Go Maps against the claims asserted in the Arbitration under the Policy; and (2) to the extent there is an indemnifiable event, Admiral must indemnify in full, even beyond the liability limit in the Policy. (*Id.* at 8–10). On March 4, 2024, Admiral filed the instant motion to abstain. (Dkt. 10).[1] Admiral asks the Court to decline to exercise its jurisdiction pursuant to *Brillhart v. Excess Ins.*, 316 U.S. 491, 494–95 (1942), alleging that "there is already a pending state court action involving the same parties and issues." (*Id.* at 1–2). In response, Redpoint argues that it is not subject to jurisdiction in California; accordingly, Redpoint argues that abstention on the basis of the California Case would be improper. (Dkt. 14, at 2–4). Admiral filed a reply, urging the Court to find that Redpoint is a proper party in

---

[1] To date, Go Maps has not appeared. On March 19, 2024, the Clerk of the Court entered default as to Go Maps. (Dkt. 15).

2

the California Case or, in the alternative, to refrain from ruling on the motion until the California Court determines whether Redpoint is properly sued in the California Case. (Dkt. 16, at 6).

## II. LEGAL STANDARD

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87 (1995). The district court has "unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* To decide whether to dismiss a declaratory judgment action, courts should determine: (1) whether the declaratory action is justiciable; (2) whether this court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). For a declaratory action to be justiciable, it must seek to resolve an "actual controversy," rather than an abstract or hypothetical dispute. *Orix*, 212 F.3d at 895. Generally, an actual controversy exists when "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Id.* at 896.

"When a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action, it must apply the standard derived from *Brillhart*," 316 U.S. 491. *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009) (cleaned up). Under *Brillhart*, "federal courts may exercise their discretion to abstain from hearing declaratory judgment actions." *Koch Project Sols., L.L.C. v. All. Process Partners, L.L.C.*, No. 21-20093, 2022 WL 16859961, at *1 (5th Cir. Nov. 11, 2022) (citing *Brillhart*, 316 U.S. 491). "Under *Brillhart*, a district court 'should ascertain whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court.'" *Id.* at *5 (quoting *Brillhart*, 316 U.S. at 495).

The Fifth Circuit has identified seven nonexclusive factors to guide a district court's exercise of discretion in determining whether a *Brillhart* stay is appropriate: "(1) whether there is a pending

state action in which all of the matters in controversy may be fully litigated, (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, (3) whether the plaintiff engaged in forum shopping in bringing the suit, (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, (5) whether the federal court is a convenient forum for the parties and witnesses, (6) whether retaining the lawsuit would serve the purposes of judicial economy, and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994) (cleaned up). "[T]he *Brillhart* inquiry is grounded in three fundamental concerns: federalism, fairness, and efficiency." *Koch Project Sols., L.L.C.*, 2022 WL 16859961, at *5.

### III. DISCUSSION

The Court finds that abstention under *Brillhart* is not proper at this time. Accordingly, the Court will deny Admiral's motion to abstain, (Dkt. 10), without prejudice.

At the outset, the Court notes that the parties do not dispute that (1) the declaratory action is justiciable; and (2) this Court has the authority to grant declaratory relief. *Sherwin-Williams Co.*, 343 F.3d at 387; *see also* (Mot., Dkt. 10; Resp., Dkt. 14; Reply, Dkt. 16). Accordingly, the only question before the Court is whether it should exercise its discretion to decide or dismiss the action. *Id.*

To determine how the Court should exercise its discretion, the Court examines the seven nonexclusive *Trejo* factors. *Trejo*, 39 F.3d at 590–91. In so doing, the Court is guided by "three fundamental concerns: federalism, fairness, and efficiency." *Koch Project Sols., L.L.C.*, 2022 WL 16859961, at *5.

The Court cannot find at this stage that factor one—whether there is a pending state action in which all of the matters in controversy may be fully litigated—weighs in favor of dismissal. Currently, there is a state court action that involves all the parties and the claims present in this

4

federal suit, as well as additional parties. (Mot., Dkt. 10, at 3). However, as Redpoint points out, it was previously dismissed from the California Case on the basis that the California Court lacks jurisdiction over Redpoint. (Resp., Dkt. 14, at 4). Redpoint has again moved to quash service of Admiral's first amended complaint in the California Case on the basis that the California Court lacks jurisdiction over Redpoint. (Ex. A to Dkt. 16, at 9–10). Accordingly, while there currently is a pending state action in which all of the matters in controversy may be fully litigated, the Court cannot know whether this will be the case after the state court hearing on July 8, 2024. Redpoint has alleged that Admiral's first amended complaint in the California Case "does not cure the jurisdictional defects that existed in the original complaint." (Resp., Dkt. 14, at 4). Accordingly, the Court finds that it would be unfair and inefficient to dismiss this action at this time, given that Redpoint may again be dismissed from the California Case, potentially leaving it with no judicial recourse. Factor one weighs against *Brillhart* abstention at this time.

The Court finds that factor two—whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant—is neutral. Redpoint filed this action on January 24, 2024, the same day that the California Court granted Redpoint's motion to quash service and dismissed Redpoint from the case for lack of jurisdiction. (*Compare* Compl., Dkt. 1, with Mot., Dkt. 10, at 3). Accordingly, the Court cannot properly characterize this suit as being filed in anticipation of Admiral's state suit, but at the same time, the Court cannot find that it was not influenced by the state court litigation, at least in part. Further, the Court notes that although consideration should be given to the dates of filing, there is no first to file rule[2] when one case is in state court and the other is in federal court.

---

[2] The Fifth Circuit typically "adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *see also Travelers Prop. Cas. Co. of Am. v. Craigen Marine Contractors, LLC*, No. 1:21-CV-213-DAE, 2021 WL 8083381, at *2 (W.D. Tex. July 19, 2021).

*Am. Bankers Life Ass. Co. of Fla. v. Overton*, 128 F. App'x 399, 403 (5th Cir. 2005) (unpublished). Accordingly, factor two weighs in neither direction.

The third factor—forum shopping—weighs in favor of retaining the suit. Redpoint is domiciled in Texas and its principal place of business is in Austin, in this district. (Compl., Dkt. 1, at 2). Admiral is incorporated in Delaware and has its principal place of business in Arizona. (*Id.*). Go Maps is incorporated in Delaware and has its principal place of business in California. (*Id.*). As Admiral itself acknowledges, this factor is "neutral or immaterial." (Reply, Dkt. 16, at 4). The Court finds that Redpoint is not forum-shopping by bringing suit in its home state. Accordingly, factor three weighs against *Brillhart* abstention.

Factor four—whether any inequalities will ensue by allowing the declaratory plaintiff to gain precedence in time or to change forums—is also neutral. "It is immaterial that frequently, in the declaratory judgment suit, the positions of the parties in the conventional suit are reversed; the inquiry is the same in either case." *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Factor five—whether the federal court is a convenient forum for the parties and witnesses—weighs in favor of retaining the suit. Redpoint is at home in Texas, while Admiral is at home in neither Texas nor California. Accordingly, federal court appears to be a more convenient forum than California.

The Court cannot find at this stage that factor six—whether retaining the lawsuit in federal court would serve the purposes of judicial economy—weighs in favor of dismissal. If Redpoint is again dismissed from the California Case on the basis that the California Court lacks jurisdiction over Redpoint, then all claims among the parties would only be resolved in federal court. However, if the California Court denies Redpoint's motion to quash service of Admiral's first amended complaint in the California Case, then it presumably would be a waste of court resources to have a

state and federal action pending, and retaining jurisdiction over this suit would not further the purposes of judicial economy. Accordingly, the Court finds that a judicial economy determination would be premature at this stage. Factor six thus weighs against *Brillhart* abstention at this time.

Finally, factor seven—whether the federal court is being called on to construe a state judicial decree—is neutral, as there is no need to construe a state judicial decree to resolve the case.

Given that *Trejo* factors one, three, five, and six weigh in favor of retaining the suit and factors two, four, and seven are neutral, the Court should not decline to exercise jurisdiction at this time and should retain this case. However, the Court finds that a stay of this action is appropriate pending the California Court's determination of its jurisdiction over Redpoint. A district court has the inherent power to stay proceedings incidental to its power to control the disposition of its docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N Am. Co.*, 299 U.S. 248, 254–55 (1936); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). A hearing is set for July 8, 2024 regarding Redpoint's motion to quash service of Admiral's first amended complaint in the California Case on the basis that the California Court lacks jurisdiction over Redpoint. After resolution of Redpoint's motion to quash in the California Case, the parties are free to seek appropriate relief from this Court.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Admiral's motion to abstain, (Dkt. 10), is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending disposition of Redpoint's motion to quash service of Admiral's first amended complaint in the California Case. **IT IS FURTHER ORDERED** that the parties shall file a status report with the Court regarding the

status of Redpoint's motion to quash service in the California Case **within a week of the motion being resolved or, in the event it has not been resolved, on or before July 22, 2024**.

**SIGNED** on April 25, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE