# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| Redpoint County Mutual Insurance Company,<br>　　　*Plaintiff*<br><br>　　v.<br><br>Admiral Insurance Company and Go Maps, Inc.,<br>　　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>Case No. 1:24-cv-00084-DAE |

## ORDER

Now before the Court are:

1. Plaintiff Redpoint County Mutual Insurance Company's Opposed Motion to Compel Discovery from Defendant Admiral Mutual Insurance Company, filed July 25, 2025 (Dkt. 44);

2. Joint Advisory Report Pursuant to the Court's August 11, 2025 Order, filed August 27, 2025 (Dkt. 48);

3. Redpoint County Mutual Insurance Company's Opposed Motion to Compel the Noticed Deposition of Admiral Insurance Company Witness Lynn Trang, Esq., filed October 7, 2025 (Dkt. 62);

4. Second Joint Advisory Report Pursuant to the Court's September 25, 2025 Order, filed October 23, 2025 (Dkt. 70);

5. Defendant Admiral Insurance Company's Opposed Motion to Reopen Discovery, filed November 26, 2025 (Dkt. 74);

6. Plaintiff Redpoint County Mutual Insurance Company's Request for a Status Conference and for Fees, filed December 3, 2025 (Dkt. 76);

and the associated response and reply briefs.[1]

This is an insurance dispute in which Redpoint seeks recovery from Admiral of a judgment against Admiral's policyholder, Go Maps, Inc., for approximately $18 million. Dkt. 49 at 5. Discovery closed August 1, 2025. Dkt. 35 ¶ 7.

---

[1] By Text Orders entered July 28, October 8, December 1, and December 11, 2025, the Honorable David A. Ezra referred the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

Redpoint asks the Court to sanction Admiral for its alleged discovery failures. Admiral contends that it responded to Redpoint's requests and presented witnesses for deposition but failed to take any discovery of its own. So Admiral asks the Court to reopen discovery for ninety days, making the novel argument that its own lack of discovery efforts "is so complete that it constitutes an exceptional circumstance." Dkt. 74 ¶ 8. Attorney Greg Wilkins, now of Mehaffy Weber, P.C., represented Admiral from the inception of this lawsuit and, Admiral submits, "functionally worked as a solo practitioner" due to two firm restructurings. *Id.* ¶ 9; *see also* Dkt. 77 ¶¶ 1, 17 (citing "the collapse of its counsel's firm" and the firm's "crises"). Admiral recently retained two more attorneys with Litchfield Cavo LLP: E. R. Hamilton entered an appearance on September 24, 2025, and Daniel Litchfield attorney was admitted *pro hac vice* one week later. Dkts. 53, 58.

On September 2, 2025, Redpoint filed a motion for partial summary judgment on two of its six asserted claims. Dkt. 49. After Admiral failed to timely respond, the District Court granted its opposed motion for an extension of time to file a response and denied Redpoint's motion to reconsider that order. Dkts. 59, 61. Admiral filed its brief on October 9, 2025, and sought leave the next day to supplement its response with a declaration. Dkts. 63, 64. Admiral never requested discovery under Rule 56(d). It was not until November 26, 2025 – nearly two months after filing its brief in response to Redpoint's motion – that Admiral moved to reopen the discovery deadline.

## I.    Admiral's Motion to Reopen

Admiral asks the Court to reopen discovery nearly four months after it closed and more than six weeks after responding to Redpoint's motion for partial summary judgment. At the outset, Admiral's request to reopen discovery does not preclude the Court from ruling on Redpoint's fully briefed summary judgment motion. *Rahdar v. City of Friendswood*, No. 3:22-cv-00280, 2025 WL 918539, at *8 (S.D. Tex. Mar. 14, 2025), *R. & R. adopted*, 2025 WL 1158552 (April 21, 2025).

### A.  Analysis

Had Admiral filed a motion for discovery under Rule 56(d), it would be required to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to Redpoint's motion for partial summary judgment. *Id.* Admiral submits two declarations briefly addressing its discovery failures but does not specify any reason it cannot present facts essential to justify its opposition to Redpoint's motion. Nor could it: Admiral long since filed an (overlength) 21-page response to that motion – a full month after new counsel was retained on September 9, 2025. Dkt. 75-5 at 3; Dkt. 77 ¶ 16.

Instead, Admiral cites Rule 16(b)(4), under which a scheduling order may be modified after a deadline has passed "for good cause and with the court's consent." *Gibson v. United States*, No. 1:18-cv-626-RP, 2021 WL 6617723, at *1 (W.D. Tex. Mar. 15, 2021). Under Rule 16(b)(4), the Court considers: (1) the explanation for the failure to timely move for a modification of the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Id.*

### 1.  Explanation

To satisfy the Rule 16(b) good cause standard, the movant must show that the deadlines could not have reasonably been met despite the diligence of the party needing the extension. *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Diligence is the most important factor. *BigCommerce, Inc. v. S&O Inc.*, No. 1:24-cv-00121-SH, 2025 WL 882701, at *2 (W.D. Tex. Mar. 3, 2025) ("The most important factor bearing on the 'good cause' inquiry under Rule 16(b)(4) is whether the party seeking to modify the scheduling order can show that it has been diligent in pressing its claims but despite its diligence could not reasonably have met the scheduling deadline.") (citation omitted).

The Court finds that Admiral's explanation for its failure to timely move to extend the discovery deadline weighs heavily against a showing of good cause. The Court entered an agreed scheduling order on October 4, 2024 setting the discovery deadline on March 17, 2025, and issued an amended agreed scheduling order on April 21, 2025 extending the deadline to August 1, 2025. Discovery thus was open for ten months, but Admiral waited seven months after the parties' agreed discovery extension to seek more time. Nor did Admiral request discovery in the five weeks between Redpoint's filing of its partial summary judgment motion and Admiral's response. And at least ten weeks lapsed after Admiral retained additional counsel before it filed this motion to reopen. On this timeline, the Court cannot find that Admiral has been diligent in pressing its claims.

### 2.  Importance

Admiral argues that discovery is essential, but contends that it refuted many key points in Redpoint's motion for partial summary judgment in its response to that motion. *See* Dkt. 77 ¶¶ 10-14. Admiral focuses its (overlength) reply brief on its need to depose Redpoint declarant Allen Halbrook, contending that Halbrook's deposition "is necessary to address his declaration that Go Maps acted solely as a 'retail agent.'" *Id.* ¶ 11. Admiral already addressed the declaration in its response. Dkt. 63 ¶¶ 9, 14. Nevertheless, because Halbrook's deposition could bear on the weight of his declaration in support of Redpoint's motion for partial summary judgment, the importance of this discovery slightly favors reopening.

### 3.  Prejudice and Availability of a Continuance

The final two factors heavily favor denying Admiral's motion to reopen. The Court finds that Redpoint would be prejudiced by reopening discovery now because it already moved for partial summary judgment on the existing record, and that a continuance would not cure this prejudice.

*Le-Vel Brands, LLC v. DMS Natural Health, LLC*, No. 4:20-CV-398-SDJ, 2022 WL 949952, at *4-5 (E.D. Tex. Mar. 28, 2022) (denying motion to reopen).

## B. Conclusion

Three of the four good cause factors weigh heavily in favor of denying Admiral's motion, while only the second factor slightly favors granting it. Therefore, the Court **DENIES** Defendant Admiral Insurance Company's Opposed Motion to Reopen Discovery (Dkt. 74) without prejudice.

## II.    Redpoint's Motions

The District Court's ruling on Redpoint's Motion for Partial Summary Judgment (Dkt. 49) will be highly relevant to the Court's determination whether either party may require any additional discovery before proceeding to trial on Redpoint's remaining claims, as well as the amount of Redpoint's reasonable expenses Admiral may be required to pay. Therefore, the Court:

- **DENIES** Redpoint's Opposed Motion to Compel Discovery from Defendant Admiral Mutual Insurance Company (Dkt. 44);

- **STRIKES** Redpoint's Opposed Motion to Compel the Noticed Deposition of Admiral Insurance Company Witness Lynn Trang, Esq. (Dkt. 62), which was filed more than two months after discovery closed, in violation of Local Rule CV-16(e); and

- **DENIES** Redpoint's Request for a Status Conference and for Fees (Dkt. 76),

all without prejudice to refiling after disposition of Redpoint's partial summary judgment motion. The Court **ORDERS** the parties to file any discovery motions **within 30 days** after that decision.

The Court **FURTHER ORDERS** the parties to fully comply with Local Rule CV-7(g) before filing any discovery or other nondispositive motion. Counsel must confer in person or by telephone or videoconference "in a good-faith attempt to resolve the matter by agreement," *id.*, describe their conference(s) in the motion, and certify the specific reason they failed to reach agreement.

The Court finally cautions Redpoint that only its ***reasonable*** expenses incurred for discovery motions may be recoverable under Rule 37(a)(5). Redpoint's pursuit of discovery and its briefing appear overly aggressive; it has filed at least one untimely motion and others that are duplicative (*e.g.*, Dkts. 68, 69) or attempt to evade page limits by using excessive single-spaced material and footnotes and submitted several hundreds of pages of exhibits. This Magistrate Judge will not recommend that the District Court award excessive attorney fees or other expenses.

**IT IS FINALLY ORDERED** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable David A. Ezra.

**SIGNED** on January 5, 2026.

 

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE